**HANDELSVENNOOTSCHAP "NORMA" N.V., Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, et al., Appellees.**

**BANK VOOR HANDEL EN SCHEEP-VAART, N.V., Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, et al., Appellees.**

**Nos. 17869, 17870.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 11, 1963.

Decided Jan. 23, 1964.

Mr. Friedrich K. Juenger, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of the court, with whom Mr. Lawrence C. Moore, Washington, D. C., was on the brief, for appellants. Mr. Thomas M. Haderlein, Washington, D. C., also entered an appearance for appellants.

Mr. Bruno A. Ristau, Atty., Dept. of Justice, with whom Asst. Atty. Gen., John W. Douglas, and Mr. Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellees.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

FAHY, Circuit Judge.

Appellants sued in the District Court under Section 9(a) of the Trading With

The Enemy Act[1] to recover from defendants, the Attorney General of the United States, and the Treasurer of the United States, property of appellants located in the United States which had been vested in 1946 and 1947 under the Act. Appellants at all material times were and still are corporations incorporated within the Netherlands and were residents of that country while it was occupied by German military forces during World War II. The occupation ended in 1945.[2] In their complaint appellants allege that they are not enemies as defined in the Act and accordingly are entitled to sue under Section 9(a) of the Act for return of the property. They had filed administrative claims under Section 32 of the Act.[3] These were disallowed during the pendency of the suit in the District Court, the prosecution of which was held in abeyance awaiting outcome of the administrative proceedings. The administrative decision adverse to appellants pointed out that they were beneficially owned by a Hungarian national residing in Switzerland, who, through a general agent, had engaged in extensive wartime business operations in Germany. Appellants were found to be enemy tainted because of the enemy character of their owner.

On motion of defendants, appellees, the complaints were dismissed on the ground that since appellants were corporations incorporated and existing under the laws of the Netherlands while that country was occupied by military forces of Germany during World War II they were enemies without standing to sue under Section 9(a) of the Act. Upon the authority of our decision in N. V. Handelsbureau La Mola v. Kennedy, 112 U.S.App. D.C. 92, 299 F.2d 923 (1962), cert. denied, 370 U.S. 940, 82 S.Ct. 1582, 8 L.Ed.2d 808 (1962), relied upon by the District Court, we affirm.

We add that in our *La Mola* decision we adverted to the power to confiscate enemy property in the exercise of the war powers. We recognize that the constitutional issue raised by the vesting of enemy property in a case where there is either "enemy taint" or actual enemy status might be different from the issue posed by vesting the property of a "technical enemy" under the definition of enemy reached in our *La Mola* decision. While appellees insist that the administrative remedy provided in Section 32 solves the constitutional problem, they add that should they be mistaken nevertheless the courts should not be led to read Section 9(a) to permit the maintenance of such a suit as this. They contend that if there are constitutional doubts about the adequacy of the administrative remedy the proper way to resolve those doubts would have been the timely institution of a suit in the Court of Claims for just compensation under the Fifth Amendment, citing Cities Service Co. v. McGrath, 342 U.S. 330, 72 S.Ct. 334, 96 L.Ed. 359 (1952) and Russian Volunteer Fleet v. United States, 282 U.S. 481, 51 S.Ct. 229, 75 L.Ed. 473 (1931).[4] We agree that the consent of the United States to be sued, as granted by Section 9(a), and the jurisdiction there conferred, are subject to the limitations contained in the section, which we must observe. One who is an "enemy," as defined in the Act, is not permitted to sue under Section 9(a), and, under *La Mola*, appellants come within the statutory definition of "enemy." The situation as a whole is not one which we think calls upon the courts, in order

1. 40 Stat. 419 (1917), as amended 50 U.S.C.App. § 9(a) (Supp. IV 1959–1962).

2. The cessation of hostilities was officially proclaimed by President Truman on December 31, 1946. The state of war between the United States and Germany was officially terminated by Joint Resolution of Congress of October 19, 1951. 65 Stat. 451 (1951), 50 U.S.C.App. note preceding § 1 (1958).

3. 60 Stat. 50 (1946), as amended 50 U.S.C. App. § 32 (Supp. IV 1959–1962).

4. See also the reference in the *Russian Volunteer Fleet case, supra,* 282 U.S. at 490, 51 S.Ct. 229, 75 L.Ed. 473, to the concurrent jurisdiction of the District Court over claims against the United States based upon the Constitution and not exceeding $10,000.

to avoid a possible constitutional difficulty, to define "enemy," as used in Section 9(a), so as to exclude one in the status of appellants.

Affirmed.